IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-28,005-03






EX PARTE DAVID NEAL QUIGLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21,044D IN THE 362
ND DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to twenty-five years' imprisonment. He did not appeal his conviction. 

 Applicant contends that he was denied the opportunity to be heard at a parole or mandatory
supervision revocation hearing. Applicant has alleged facts that, if true, might entitle him to relief.
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
Accordingly, the trial court shall resolve Applicant's claim by ordering an affidavit from
TDCJ-Pardons and Paroles Division. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether Applicant's parole or mandatory
supervision was revoked, whether a hearing was held, and, if so, whether Applicant was denied the
opportunity to be heard. If no hearing was held, the trial court shall make findings as to why there
was no hearing. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 20, 2006

Do not publish